UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                          Criminal Case No. 21-20600
                                                                       Honorable Linda V. Parker

DAVID JUDD,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE (ECF NO. 14)

On September 16, 2021, a federal grand jury issued an Indictment charging Defendant with four counts of health care fraud. At his initial appearance on September 22, 2021, Magistrate Judge Kimberly G. Altman released Defendant on a $10,000 unsecured bond with several conditions, including that he not bill Medicaid or Medicare on or after October 4, 2021. (ECF No. 7.) Defendant has filed an emergency motion asking the Court to modify those conditions so he can continue to bill Medicare. (ECF No. 45.) Defendant, a licensed nurse practitioner, asserts that the clients he serves will be placed at severe risk if he is unable to continue billing Medicare as there is a dearth of medical providers available to step into his shoes. The Government opposes Defendant's request, disputing his assertion.

A person ordered released by a magistrate judge may file a motion for amendment of the release conditions. 18 U.S.C. § 3145(a)(2). Districts courts review a magistrate judge's pretrial order under a de novo standard. *See United States v. Marcrum*, 953 F. Supp. 2d 877, 880 (W.D. Tenn. 2013). Under the Bail Reform Act, a defendant's release pending trial is made "subject to the least restrictive further condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

The billing restriction imposed here is routinely sought by the Government and applied in this District where the defendant is charged with engaging in a "significant volume of heath care fraud." *United States v. Mok*, No. 20-mj-30163, 2020 WL 2528671, at *2 (E.D. Mich. May 18, 2020) (citing *United States v. May*, 568 F.3d 597, 608 (6th Cir. 2009)); *see also* Am. Order, *United States v. Eid*, No. 16-cr-20594, (E.D. Mich. Mar. 7, 2017), ECF No. 43 (prohibiting direct or indirect billing of federal healthcare programs); Order, *United States v. Bentley*, 16-cr-20432 (E.D. Mich. July 8, 2016), ECF No. 20 (upholding Medicare Condition imposed by magistrate judge); Orders, *United States v. Shahid Tahir*, 15-cr-20351 (E.D. Mich. June 16-17, 2015), ECF Nos. 18, 21, 30, 33 (Medicare condition imposed on four defendants). The intent is to prevent the defendant from exposing the community to undue economic harm.

Defendant fails to show that the billing restriction actually threatens harm to the community—more specifically, his patients.  The materials he offers do not convince the Court that these patients will not receive necessary services if the restriction remains.  Defendant has not shown that his proposed alternative—a third-party monitor of his billing—is feasible or workable.  He has not identified an individual or entity capable of filling this role.

Accordingly,

**IT IS ORDERED** that Defendant's Emergency Motion to Modify Conditions of Pretrial Release (ECF No. 14) is **DENIED WITHOUT PREJUDICE**.  Defendant may re-file his motion if he has a proposed alternative with sufficient details to allow the Government and this Court to evaluate whether it is feasible.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 18, 2021