UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

                              Case No. 21-cr-20600
   v.                        Hon. Linda V. Parker

**DAVID JUDD,**

    **Defendant.**
_____/

## UNITED STATES' OMNIBUS MOTION IN LIMINE

The United States respectfully moves to preclude testimony or argument regarding several issues that may arise during trial. Prior to filing this motion, pursuant to Local Rule 7.1(a)(2)(A), the government conferred with counsel for Defendant David Judd (the "Defendant"), who indicated that the Defendant does not concur with the relief sought here.

### FACTUAL BACKGROUND

Defendant Judd, a nurse practitioner, was the owner of Life Transitions Services, LLC, which provided adult psychiatric and mental health services. The Defendant was charged in an indictment for submitting and causing the submission of false and fraudulent claims to Medicare for purported psychotherapy services that were not provided or were otherwise not eligible for reimbursement; concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer

1

of proceeds from the fraud; and diverting fraud proceeds for the personal use and benefit of the Defendant.

# MOTION 1

**The Defendant Should be Precluded from Offering Evidence of Any Legitimate Medical Billings or Other Good Conduct as a Defense to the Charges in the Indictment.**

The Defendant should be precluded from arguing, eliciting on direct or cross-examination, or offering any evidence at trial of specific acts of good conduct, including evidence of: (1) legitimate billing by the Defendant and the companies with which he was affiliated; or (2) the provision of legitimate services by the Defendant and the companies with which he was affiliated.  Such evidence is not probative of the issues at trial and will serve only to confuse or to mislead the jury. Further, to the extent such evidence might have any probative value, it should nonetheless be excluded under Federal Rule of Evidence 403, because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, undue delay, and waste of time.

In a fraud case, evidence of other instances where a defendant did *not* commit fraud is irrelevant to the question of whether he *did* commit fraud in the instances alleged.  This is a well-settled proposition; the Sixth Circuit and others have repeatedly held that evidence that a defendant engaged in legal, honest conduct some of the time has simply no bearing on whether the defendant engaged in, or had

2

knowledge of, fraudulent conduct charged by the government. *See United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014) ("For the same reasons that prior 'bad acts' may not be used to show predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes"); *see also United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (affirming district court's ruling precluding the defendant from offering evidence of legitimate business activities because "evidence of good conduct is not admissible to negate fraudulent intent"); *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (excluding defendant psychologist from offering evidence of legitimate billings in false claims act case because it was irrelevant that the defendant "did not overcharge in every instance in which she had the opportunity to do so"); *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence … through proof of the absence of criminal acts on specific occasions."); *United States v. Winograd*, 656 F.2d 279, 284 (7th Cir. 1981) (finding defendant's performance of some legal trades irrelevant to his knowledge of illegal trades).

Here, the government has alleged that the Defendant executed the fraudulent scheme outlined in the indictment, specifically by knowingly and willfully submitting and causing the submission of false and fraudulent claims to Medicare for medical services that were not provided or were otherwise not eligible for reimbursement. That the Defendant, or his agents or employees, may have actually

provided psychiatric and mental health services to some patients during the course of this scheme is irrelevant to the question of the Defendant's guilt with respect to the charges in the indictment. As such, evidence of legitimate billing or services provided by the Defendant should not be admitted for that purpose.

## MOTION 2

**The Defendant Should Be Precluded from Blaming Medicare or Its Contractors for the Fraud.**

The Defendant should be precluded from making any argument that because Medicare paid claims for services, or failed to detect the fraud, he could not have defrauded Medicare or known that the scheme was illegal. These kinds of "blame the victim" defenses in a health care fraud case are irrelevant, improper, and should be excluded.

In the context of criminal fraud, even where a "victim is also guilty of negligence," the perpetrator is "no less guilty of fraud" because of such negligence. *United States v. Svete*, 556 F.3d 1157, 1165 (11th Cir. 2009). "If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright. These are criminal statutes, not tort concepts." *United States v. Colton*, 231 F.3d 890, 903 (4th Cir. 2000) (quoting *United States v. Brien*, 617 F.2d 299, 311 (1st Cir. 1980)).

In recognition of the fact that victims' negligence is irrelevant – as well as prejudicial – courts have taken precautionary measures such as, for example, giving

jury instructions and limiting witness examinations and arguments attempting to excuse criminal conduct on that basis. *See United States v. Thomas*, 377 F.3d 232, 243-44 (2d Cir. 2004) (affirming restrictions on cross-examination of victim; rejecting the defendant's argument that a victim's foolishness vitiated the defendant's fraudulent intent); *United States v. Davis*, 226 F.3d 346, 358-59 (5th Cir. 2000) (affirming jury instruction that "the naiveté, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of a defendant"); *see also United States v. Allen*, 201 F.3d 163, 167 (2d Cir. 2000) ("The victim's negligence in permitting a crime to take place does not excuse the defendant from culpability for her substantive offenses.").

This Court should similarly take steps to prevent the Defendant from blaming Medicare for his ability to victimize it through the alleged fraud scheme. The Defendant should be prohibited from arguing to the jury or presenting evidence suggesting that the failure of Medicare to detect or prevent the fraud is somehow a defense to the charges in the indictment.  It is no defense for a bank robber to argue that the bank should have had a more effective security system.  Nor can a home invader argue that he committed no crime because the homeowners left their front door unlocked.  Such contributory negligence theories simply have no place in criminal law, and the Defendant should not be permitted to suggest otherwise to the jury.  This prohibition should extend to any suggestion that Medicare should have

5

discovered the fraud, denied fraudulent claims, or barred the Defendant and/or his corporate entities from submitting claims for reimbursement, or that the failure of Medicare to take any of the aforementioned actions led the Defendant to believe that the fraudulent claims and actions were legitimate. Such evidence would be irrelevant, immaterial, prejudicial, confusing to the jury, and is in no way probative of a legitimate defense to the charged fraud scheme.

## MOTION 3

**The Defendant Should be Precluded from Making Any Argument or Presenting Any Evidence Concerning Which Other Persons Have or Have Not Been Charged in This or Other Cases.**

This Court should prohibit the Defendant from presenting evidence that other individuals or entities could have been charged in a similar manner to the Defendant. The indictment alleges a fraud scheme perpetrated by and through a corporate entity, which had a number of employees and independent contractors working on its behalf over the course of the scheme. That the crimes were committed through a business does not allow the Defendant to suggest that he should not be held responsible for his conduct because other persons were not charged with the same or similar conduct. "The government's charging decisions are not proper subjects for cross-examination and argument." *United States v. Carneglia*, No. 08-CR-76, 2009 WL 185725 at *1 (E.D.N.Y. Jan. 27, 2009) (quoting *United States v. Re*, 401 F.3d 828, 832 (7th Cir. 2005)); *see also United States v. Larch*, 399 F. App'x 50, 55-56 (6th

6

Cir. 2010) (guilt of another does not excuse defendant from liability for his own actions).

The identity and number of individuals not charged in connection with the Defendant's fraudulent scheme, the reasons behind the government's individualized charging decisions, and the comparative culpability of the Defendant versus others involved in the scheme are all irrelevant and unfairly prejudicial subjects that should not be aired before the jury. *See, e.g.*, *United States v. Thompson*, 253 F.3d 700 (5th Cir. 2001), *unpublished* (affirming grant of motion in limine to prevent defense counsel from comparing defendants' conduct with that of uncharged or immunized witnesses); *see also, e.g., Re*, 401 F.3d at 832 (government's exercise of prosecutorial discretion not a proper subject for cross-examination).

The Sixth Circuit adopts this same position in its Pattern Jury Instructions. Pattern Criminal Jury Instructions 2.01(3) ("Do not let the possible guilt of others influence your decision in any way"), 3.06 ("Now, some of the people who may have been involved in these events are not on trial. This does not matter."), and 8.08 ("Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.") each emphasize to the jury the need for independent assessment of the Defendant's crime, without regard to others' guilt. Pattern Criminal Jury Instructions (2023). And for good reason; evidence that the government could have charged other individuals with committing

similar violations is irrelevant to the jury's deliberation in this case. The particular charging decisions made by the government are informed by a variety of factors, unique to each prospective defendant. Critically, the charging decisions made regarding one individual do not necessarily implicate the guilt or innocence of another. If the Defendant here seeks to introduce evidence of these charging decisions, he would be merely distracting from the true issue in this trial: whether *this defendant* committed the crime with which he is charged in the indictment. Such argument or examination before the jury would serve no other purpose than to prejudice the jury against the government by raising issues of prosecutorial discretion that have nothing to do with the crimes charged or the evidence presented *in this case.*

Accordingly, the Defendant should be precluded from making arguments or comments to the jury, and from eliciting statements on cross-examination, that are irrelevant to the record evidence and crimes charged that are, instead, designed to encourage a verdict in disregard of the law.

## MOTION 4

**The Court Should Exclude Any Out of Court Statements Made by the Defendant if Offered *by the Defendant* to Prove the Truth of the Matter Asserted.**

When a defendant offers his or her out-of-court statement through a witness to prove the truth of the matter asserted, the statement is hearsay, and inadmissible.

*See* Fed. R. Evid. 801(c), 802. This is especially true in the circumstance where a defendant attempts to elicit testimony regarding his exculpatory out-of-court statements through cross examination of a testifying witness. *See United States v. Ford*, 761 F.3d 641, 651 (6th Cir. 2014). In *Ford*, the government introduced a portion of the defendant's out-of-court statement through a witness during its case-in-chief. During cross-examination of this same witness, the defendant attempted to introduce exculpatory portions from the same statement of the defendant. This was not allowed. Such proposed testimony is inadmissible hearsay, and its preclusion does not violate the Confrontation Clause. *Id.* at 652. The doctrine of completeness also would not allow the introduction of such a statement in this context, as exculpatory hearsay should "not come in solely on the basis of completeness." *Id*. Therefore, the Defendant should not be allowed to introduce such hearsay statements through any other witness, regardless of whether that witness is presented by the United States or by the Defendant.

Respectfully submitted,                          Dated: April 18, 2023

GLENN S. LEON
Chief, Fraud Section

DUSTIN M. DAVIS
Chief, Health Care Fraud Unit

DAWN N. ISON
United States Attorney

9

*s/Andres Almendarez*

ANDRES ALMENDAREZ
CLAIRE SOBCZAK
KELLY M. WARNER
Trial Attorneys
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 258-7149

## **CERTIFICATE OF SERVICE**

      I certify that on April 18, 2023, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will send notification of such filing to counsel for the defendant.

                              *s/Andres Almendarez*
                              ANDRES ALMENDAREZ
                              Trial Attorney
                              United States Department of Justice
                              Criminal Division, Fraud Section
                              1400 New York Avenue, N.W.
                              Washington, D.C. 20005
                              (202) 258-7149