UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Criminal Case No. 21-20600
    Honorable Linda V. Parker

DAVID JUDD,

    Defendant.
_____/

## ORDER GRANTING THE GOVERNMENT'S OMNIBUS MOTION IN LIMINE (ECF NO. 35)

Defendant David Judd has been indicted on four counts of Health Care Fraud in violation of 18 U.S.C. §§ 1347 and 2.  The charges arise from allegations that in or around January 2015 through September 2022, Mr. Judd—who is a psychiatric nurse practitioner and owner of Life Transitions Services, LLC—submitted and caused the submission of false and fraudulent claims to Medicare for psychotherapy services that were not provided.  The Government moves to preclude testimony and argument on multiple issues that may arise at trial.  (ECF No. 35.)

### LEGAL STANDARD

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'"

*Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Prior to the commencement of trial, this District notes that motions in limine serve the following purposes:

> [To] (i) facilitate trial preparation by providing information pertinent to strategic decisions; (ii) reduce distractions during trial and provide for a smoother presentation of evidence to the jury; (iii) enhance the possibility of settlement of disputes without trial; (iv) provide some additional insulation of the jury from prejudicial inadmissible evidence; and (v) improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial.

*Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-CV-11544, 2015 WL 4934628, at *2 (E.D. Mich. Aug. 18, 2015) (citing *Figgins v. Advance Am. Cash Advance Centers of Michigan, Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007)).

A district court's ruling on such a motion is "a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States* v. *Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd,* 469 U.S. 38 (1984)). In other words, District courts have "broad discretion" over matters involving the admissibility of evidence at trial. *United States v. Chambers*, 441 F.3d 438, 455 (6th Cir. 2006) (quotations and citation omitted). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the

2

district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4.

As an initial step, when analyzing admissibility, a court must consider whether the evidence is relevant. Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Sixth Circuit emphasizes that the threshold for determining the relevancy of evidence is low. *See United States v. Lang*, 717 F. App'x 523, 530 (6th Cir. 2017) (stating that "evidence is relevant if it 'advance[s] the ball' one inch") (quoting *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009) (describing the relevance standard as "extremely liberal")). "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington,* 455 F.3d 736, 738–39 (6th Cir. 2006) (citation omitted).

In contrast, irrelevant evidence is not admissible. Fed. R. Evid. 402. Further, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Robinson v. Runyon*, 149 F.3d

507, 514–15 (6th Cir. 1998) (Evidence is inadmissible "if there is a danger of *unfair* prejudice, not mere prejudice.") (emphasis in original).

## ANALYSIS

### Motion 1

The Government maintains that Mr. Judd should be precluded from offering evidence regarding his own specific good acts, including the following: "(1) legitimate billing by the Defendant and the companies with which he was affiliated; or (2) the provision of legitimate services by the Defendant and the companies with which he was affiliated." (ECF No. 35 at Pg ID 189.) The Government argues that introducing this evidence is not probative of the issues in this trial, particularly in a fraud case, and would lead to confusing the jury. In response, Mr. Judd maintains that he should be allowed to present such evidence as it will be "introduced to counter the argument that he was knowingly and willfully trying to defraud." (ECF No. 37 at Pg ID 211.)

Federal Rule of Evidence 404(a) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." However, in criminal cases, "a defendant may offer evidence of the defendant's pertinent trait." Fed. R. Evid. 404(a)(2)(A). Such evidence may be permitted, pursuant to Rule

4

404(a)(2)(A), so long as it is relevant to the charged offense and does not run the risk of confusing the jury.

Here, the fact that Mr. Judd can direct the Court to instances where he properly billed Medicaid is completely unrelated and irrelevant to a determination of whether he is guilty or innocent of the charged offense of Healthcare Fraud.  *See United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014) ("For the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes."); *United States v. Daneshvar*, 925 F.3d 766, 779 (6th Cir. 2019) (same); *see also United States v. Pappas*, No. 17-CR-20465, 2022 WL 1506278, at *16 (E.D. Mich. May 12, 2022) (Hood, J.) (rejecting defendant's argument that a patient's testimony that "he offered individualized care" should have been admitted to dispel the government's charge that "every patient was treated the same" for billing purposes in a health care fraud case); *United States v. Householder*, No. 1:20-CR-77, 2022 WL 17600159, at *5 (S.D. Ohio Dec. 13, 2022) (finding defendant's proffered evidence of "above-board [political] contributions" irrelevant and inadmissible to the Government's racketeering conspiracy charges).  Allowing Mr. Judd to introduce such evidence would only serve to confuse the jury and must be excluded pursuant to Rule 403.

Motion 2

The Government maintains that Mr. Judd should be precluded from arguing that "because Medicare paid claims for services, or failed to detect the fraud, he could not have defrauded Medicare or known that the scheme was illegal."  (ECF No. 35 at Pg ID 191.)  Mr. Judd asserts that Medicare's failure to contact him about any billing concerns is "extremely relevant" to his state of mind; namely whether he "knowingly and willingly defrauded Medicare."  (ECF No. 37 at Pg ID 212.)  According to Mr. Judd, providing such notice "appears to be something that is commonly done," which was evident by Medicare notifying others involved in the alleged scheme.  (*Id.*)  Blaming Medicare in a healthcare fraud case for failing to notify or warn a defendant of billing issues to prove a lack of requisite knowledge on defendant's part appears to be akin to advancing the "ignorance of the law" defense, which is nonexistent  *See United States v. Trevino*, 7 F.4th 414, 424 (6th Cir. 2021) (quoting *Cheek v. United States*, 498 U.S. 192, 199 (1991) ("[t]he general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system.").

Moreover, to the extent that Mr. Judd is attempting to shift the blame to Medicare, courts have routinely rejected the "blame the victim" argument in the criminal fraud context.  *See United States v. Colton*, 231 F.3d 890, 903 (4th Cir. 2000) (quoting *United States v. Brien,* 617 F.2d 299, 311 (1st Cir.1980)) ("If a

scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright. These are criminal statutes, not tort concepts."); *see also United States v. Thomas*, 377 F.3d 232, 243 (2d Cir. 2004) (concluding that victim negligence is not a defense to criminal conduct); *United States v. Coyle,* 63 F.3d 1239, 1243–44 (3d Cir. 1995) ("negligence of the victim in failing to discover a fraudulent scheme is not a defense to criminal conduct"); *United States v. Kreimer,* 609 F.2d 126, 132 (5th Cir. 1980) (holding that the "victim's negligence is not a defense to criminal conduct"). This kind of argument is particularly unavailing when a defendant, such as Mr. Judd, has been practicing for years[1] and could have sought guidance as to whether his billing practices were allegedly unlawful. *See, e.g.,* Stuart M. Speiser et al., 9 *The American Law of Torts* § 32:73 (1992) ("[T]he rule that fraud cannot be predicated on a failure to disclose facts where ... the truth may be ascertained by the exercise of reasonable diligence does not justify a resort to active deceit or fraud."). Thus, evidence of Medicare's failure to detect the fraud, decision to pay the claims, and the fact that Medicare did not warn or notify Mr.

---

[1] According to Healthgrades.com, Mr. Judd has "over 13 years of experience in the healthcare field." *See David Judd, PMHNP*, healthgrades, https://www.healthgrades.com/providers/david-judd-4rb9z [https://perma.cc/Q9LU-X5K9]

7

Judd of the alleged unlawful billing practices are irrelevant, and as such, are precluded.

### Motion 3

In its motion, the Government maintains that the Court should prohibit Mr. Judd from introducing evidence regarding whether other individuals or entities could have been charged similar to himself.  The Government argues that although the indictment alleges fraud by and through Mr. Judd's corporate entity, he cannot suggest that he should not be held responsible or that other individuals that report to him were not charged with the same or similar conduct.  In response, Mr. Judd concedes that arguing that "because others were not charged, he should not have been" is an "improper argument" when presenting evidence of non-charging. (ECF No. 37 at Pg ID 213.)  However, Mr. Judd maintains that evidence of deals or of non-charging is permissible for purposes of bias and credibility.

Mr. Judd is correct.  It is well-settled precedent that "evidence showing witness bias is probative in assessing witness credibility, but its admission is subject to the district court's discretion on matters such as relevance, whether it has a proper foundation, and whether the questions are asked in the proper form." *United States v. Funzie*, 543 F. App'x 545, 551 (6th Cir. 2013) (citing *United States v. Abel,* 469 U.S. 45, 50–51, 55–56 (1984)).  "Bias is always relevant in assessing a witness's credibility." *United States v. Sumlin*, 956 F.3d 879, 890 (6th

8

Cir. 2020) (quoting *Schledwitz v. United States*, 169 F.3d 1003, 1015 (6th Cir. 1999)).  The Supreme Court noted that among the "prototypical form[s] of bias" that a defendant is allowed to challenge regarding a government witness, *see Delaware v. Van Arsdall,* 475 U.S. 673, 680 (1986), a defendant may inquire into any immunity or plea deals between the witness and the government, *see id.*, and other "prejudices, or ulterior motives" from which "jurors ... could appropriately draw inferences relating to the reliability of the witness."  *Davis v. Alaska*, 415 U.S. 308, 316, 318 (1974).  As such, the Court will allow Mr. Judd to present evidence of government deals or non-charging for the limited purposes of impeachment.

## Motion 4

The Government requests that the Court exclude any of Mr. Judd's out-of-court statements if used by Mr. Judd to prove the truth of the matter asserted.  As an example, the Government notes that this exclusion also extends to any instance where Mr. Judd may attempt to elicit exculpatory out-of-court statements by cross examining a testifying witness.  Under Federal Rule of Evidence 803, hearsay is generally inadmissible.  Hearsay is any "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 577 n.1 (6th Cir. 2012) (quoting *United States v. Rodriguez–Lopez*, 565 F.3d 312, 314 (6th Cir.

9

2009))  An exception to the general hearsay rule includes out-of-court statements made by a party-opponent.  Fed. R. Evid. 801(d)(2).  "This exception reflects that the adversarial process allows the party-declarant to rebut his or her own admissions by testifying at trial. This hearsay exception does not, however, extend to a party's attempt to introduce his or her *own* statements through the testimony of other witnesses." *United States v. Ford*, 761 F.3d 641, 651–52 (6th Cir. 2014) (internal quotations and citations omitted) (emphasis in original)

      Mr. Judd responds that pursuant to the rule of completeness, which provides that a party may "correct a misleading impression created by the introduction of a part of a writing or conversation by introducing additional parts of it necessary to put the admitted portions in proper context," if the Government introduces statements from Mr. Judd that are "intertwined" with hearsay statements, he should be able to admit the remaining portions.  (ECF No. 214 at Pg ID 214 (citing *United States v. Adams*, 722 F.3d 788, 826 (6th Cir. 2013).)  This is an inappropriate application of the rule of completeness.  As this Circuit explained, "the rule of completeness 'is not designed to make something admissible that should be excluded.' " *Ford*, 761 F.3d at 652 (6th Cir. 2014) (quoting *United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982)).  "Right or wrong, this court has acknowledged that under *Costner*, [e]xculpatory hearsay may not come in solely on the basis of completeness." *Id.* (citing *Adams*, 722 F.3d at 826) (internal

10

quotations omitted)  As such, Mr. Judd introducing his own hearsay statements or eliciting them from a testifying witness would be improper and inadmissible.

Accordingly,

**IT IS ORDERED** that the Government's omnibus motion in limine (ECF No. 35) is **GRANTED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: May 5, 2023