# UNITED STATES DISTRICT COURT
Eastern District of Michigan

| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | § § § § | Case Number: 0645 2:21CR20600 (1) |
| **DAVID JUDD** | § § § | USM Number: 66138-509 <br> <u>James W Amberg</u> <br> Defendant's Attorney |

**THE DEFENDANT:**

| ☒ | pleaded guilty to count(s) | **2 of the Indictment** |
| --- | --- | --- |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
| --- | --- | --- |
| 18 U.S.C. § 1347(a)(2), Health Care Fraud | 9/30/2021 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☒   Count(s) ☐ is  1, 3 and 4 of the Indictment  ☒  are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**10/28/2024**
Date of Imposition of Judgment

s/Linda V. Parker
Signature of Judge

**The Honorable Linda V. Parker**
**United States District Court Judge**
Name and Title of Judge

**10/30/2024**
Date

AO 245B (Rev. 09/18) Judgment in a Criminal Case　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judgment -- Page 2 of 6

DEFENDANT:　　　　　David  Judd
CASE NUMBER:　　　　0645 2:21CR20600 (1)

# PROBATION

The defendant is hereby sentenced to probation for a term of: **3 years. The Court waives the costs of supervision.**

.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - [x] The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. [x] You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5. [x] You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. [ ] You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. [ ] You must participate in an approved program for domestic violence. (*check if applicable*)

　　　The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT:     David  Judd
CASE NUMBER:   0645 2:21CR20600 (1)

## STANDARD CONDITIONS OF PROBATION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT: David Judd
CASE NUMBER: 0645 2:21CR20600 (1)

## SPECIAL CONDITIONS OF PROBATION

1. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

2. You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3. You will be monitored by the form of location monitoring technology at the discretion of the probation officer for 180 days and you must follow the rules and regulations of the location monitoring program. The costs of participation are waived. You are to be on home detention and are restricted to your residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the officer.

4. You must complete 300 hours of community service. The probation officer will supervise your participation in the program by approving the program (agency, location, frequency of participation, etc.). You must provide written verification of completed hours to the probation officer.

AO 245B (Rev. 09/18) Judgment in a Criminal Case                              Judgment -- Page 5 of 6

DEFENDANT: David Judd
CASE NUMBER: 0645 2:21CR20600 (1)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $100.00 | Not applicable | $100,000.00 | $605,701.30 |

☐ The determination of restitution is deferred until    An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Victim Name | Amount of Loss |
|---|---|
| Department of Health and Human Services<br>Medicare Trust Fund c/o CMS<br>Office of Financial Management<br>Division of Accounting Operations<br>7500 Security Boulevard<br>Baltimore, Maryland 21244 | $605,701.30 |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the      ☐ fine      ☐ restitution

    ☐ the interest requirement for the      ☐ fine      ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        David Judd
CASE NUMBER:      0645 2:21CR20600 (1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payments of $100 (Special Assessment) and $100,000.00 (fine) due immediately, balance due

☐ not later than _____ , or

☒ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal *(e.g., weekly, monthly, quarterly)* installments of $ ___ over a period of ___ *(e.g., months or years)*, to commence ___ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal *(e.g., weekly, monthly, quarterly)* installments of $ ___ over a period of ___ *(e.g., months or years)*, to commence ___ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ___ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties: The defendant makes payments at a rate recommended by the Probation Department and approved by the Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Restitution is joint and several with the following co-defendants and/or related cases, in the amount specified below:

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ Defendant shall receive credit on «dft_his_her» restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: Pursuant to 18 U.S.C. 982(a)(7) and the Stipulated Preliminary Order of Forfeiture issued by the Court on 12/19/2023 (ECF No. 50), which is incorporated herein by this reference, the defendant shall forfeit to the United States: Six Hundred and Five Thousand Seven-Hundred One Dollars and Thirty Cents ($605,701.30) in funds seized from Huntington Bank Account XXXXXX1812.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.